# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

**ROBERT SKENANDORE, SR.,**

        **Plaintiff,**

        **-vs-**                                                  Case No.    05-C-0234

**WARDEN JEFFREY P. ENDICOTT,**

        **Defendant.**
_____

## DECISION AND ORDER
_____

The plaintiff, Robert Skenandore, Sr., who is incarcerated at Redgranite Correctional Institution, lodged this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, along with a petition to proceed *in forma pauperis*. The plaintiff paid an initial partial filing fee, as ordered. *See* March 4, 2005 Order. The petition is now ready for determination and the complaint for screening pursuant to 28 U.S.C. § 1915A. Also addressed herein is the plaintiff's April 25, 2005, motion for contempt.

On April 4, 2005, the plaintiff paid an initial partial filing fee in the amount of $28.61 from his prison release account. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the full $250 filing fee for this action. His petition to proceed *in forma pauperis* will be granted, and the $221.39 balance of the filing fee will be collected in the manner set forth below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious or that fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which no relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983 the plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The plaintiff alleges that defendant Jeffrey P. Endicott, Warden of Redgranite Correctional Institution, has denied the plaintiff and other similarly situated Native American Indian prisoners their right to free exercise of religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), while allowing other religious groups to possess their own religious articles. (Complaint ¶¶ IV. A-B.). Specifically, the plaintiff states that he and other Native American Indian prisoners are limited in the religious objects they may possess and use, including by a ban on smoking and on ignition devices. (Complaint at ¶ IV. A.). He states that certain sacred ceremonies are impeded by restrictions on objects that may be used and time-restrictions. *Id.* The plaintiff also claims that prison officials, including the prison chaplain, desecrated the sacred site of one ceremony. *Id.*

The Free Exercise Clause protects a prisoner's right to practice his religion as long as doing so does not unduly burden the institution. *Richards v. White*, 957 F.2d 471, 474 (7th Cir. 1992). A prison regulation that infringes upon an inmate's free exercise rights may be valid "'if it is reasonably related to legitimate penological interests,'" *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) (DOC "need only make reasonable efforts to afford

3

inmates an opportunity to practice their faith"). Likewise, the Equal Protection Clause requires inmates to be treated equally; however, a prison regulation that treats inmates unequally will be upheld if it is reasonable in light of legitimate penological interests. *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). "[L]imitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives - including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "A prison may restrict a prisoner's ability to adhere absolutely to a particular tenet of his religion, and if the prison has sound penological interests supporting the restriction and, if those interests outweigh the prisoner's religious interests, the restriction does not violate the First Amendment." *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir. 1996).

As is relevant here, RLUIPA "prisons that receive federal funding to burden a prisoner's exercise of religion substantially unless the prison both has a compelling interest and employs the least restrictive means possible for protecting that interest." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003). The Wisconsin prison system receives federal funding. *Id.* at 1110 (citing *Charles v. Verhagen*, 348 F.3d 601, 606 (7th Cir. 2003)). "[T]o state a claim under RLUIPA a Wisconsin prisoner need allege only that the prison has substantially burdened a religious belief[.]" *Lindell*, 352 F.3d at 1110.

The plaintiff will be permitted to proceed on claims under the First Amendment and RLUIPA on his own behalf. The plaintiff, in the caption to his complaint, states that he is bringing the action both individually and on behalf of all similarly situated Native American

4

Indian prisoners. It seems that the plaintiff is attempting to bring a class action against the defendant. However, the plaintiff does not allege that he satisfies the requirement of Federal Rule of Civil Procedure 23(a) or allege facts that would satisfy the requirements. Under Rule 23(a), a plaintiff can sue as a representative of or on behalf of other parties only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Because the plaintiff has not satisfied the requirement of Rule 23(a), the plaintiff can only bring the claims in his individual capacity and not on behalf of a class.

On April 25, 2005, the plaintiff filed a motion requesting that the court find defendant Endicott in contempt of the March 4, 2005, order directing Endicott, as warden, to submit the initial partial filing fee from the plaintiff's prison release account. As previously noted, this amount was submitted on April 4, 2005. Accordingly, the court will deny the plaintiff's motion as moot.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's petition to proceed *in forma pauperis* (docket # 2) is **granted**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

5

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $ 221.39 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If he does not have access to a photocopy machine, the plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk's

Office of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**IT IS FURTHER ORDERED** that the plaintiff's motion for contempt (docket # 7) is **denied as moot**.

Dated at Milwaukee, Wisconsin, this 20th day of May, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**