# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**ROBERT J. SKENANDORE,**

        **Plaintiff,**

    **-vs-**                           **Case No.    05-C-0234**

**JEFFREY P. ENDICOTT,**

        **Defendant.**

___

## DECISION AND ORDER
___

        The plaintiff, Robert Skenandore, who is currently incarcerated at the Redgranite Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on May 20, 2005. The plaintiff, who is a Native American, alleges that the defendant has violated his and other similarly situated Native American prisoners' rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act. The plaintiff has filed a motion to appoint counsel, a motion to amend his complaint, a motion for discovery, and a demand for a jury trial. Also, he requests copies of all court entries on this docket.

**1. Plaintiff's Motion to Appoint Counsel**

        On June 6, 2005, the plaintiff filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion

to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 [7th Cir. 1995]. "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear to be competent to try the case him or herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Id*. (citing *Farmer v. Haas*, 990 F.2d 319, 322 [7th Cir. 1993].

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. The plaintiff should provide the court with the names and addresses of counsel he has contacted. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Accordingly, the plaintiff's request for appointment of counsel shall be denied.

**2. Motion to Amend**

On June 6, 2005, the plaintiff filed a motion to amend the complaint along with a proposed amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend a pleading once as a matter of course any time before a responsive pleading is served. The plaintiff's June 6, 2005 amended complaint was filed prior to the defendant's July 25, 2005 answer.

Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a

2

substantial reason to deny leave to amend, -- "the discretion of the district court is not broad enough to permit denial." *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F.Supp. 1213, 1216 (E.D. Wis. 1993). However, if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed. *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). The plaintiff seeks to add to this case eighteen defendants who are alleged to have been involved in the claims set out in the original complaint. The defendants have not filed a response to the plaintiff's motion to amend.

The proposed amended complaint comes at an early stage and will not prejudice the defendants or cause undue delay to this action. Therefore, the plaintiff's motion to amend the complaint will be granted. The proposed amended complaint (Docket # 13) is now the operative complaint in this action. The United States Marshal will be directed to serve the amended complaint on the new defendants.

**3. Motion for Discovery**

On June 27, 2005, the plaintiff filed a motion "pursuant to the authority of Civil L.R. 26.3 and (RULE) 26 and (RULE) 34 of the Federal Rules of Civil Procedure, the Due Process Clause of the 5th and 14th Amendments to the United States Constitution, compelling the defendant(s) and their lawyer" to submit various records. (Motion to Compel at 1). The court construes this as a motion to compel discovery.

Although Fed. R. Civ P. 37 permits the court to compel discovery, the party

3

seeking such discovery must complete several steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id*.

The plaintiff has served the defendant with a copy of his discovery requests, and the defendant has failed to file a response. However, the plaintiff has not indicated that he has engaged in the required personal consultation. Moreover, numerous defendants have not been served, and the court has not issued a scheduling order, which sets forth the deadlines for discovery and dispositive motions. Thus, court action at this time would be premature. Accordingly, the plaintiff's motion to compel discovery shall be denied.

### 4. Jury Trial Demand

On May 26, 2005, the plaintiff moved for a jury trial. The court takes note of such demand. *See* Fed. R. Civ. P. 38(b). However, at this stage of the proceedings, numerous defendants have not been served and discovery has not been completed. Thus, it is too early to determine whether this action will go to trial. Accordingly, the plaintiff's motion for a jury

4

trial is denied. In the event that this case does go to trial, the plaintiff will receive a trial by jury.

**5. Request for Copies**

On October 11, 2005, the plaintiff filed a request for "all court entries on the Civil Docket" in the present case. It is unclear what documents the plaintiff is seeking. It is not standard practice to provide copies and postage free of charge to parties in an action, whether they are indigent inmates or not. The plaintiff will be provided with a copy of the docket sheet. If the plaintiff is missing any documents, he may notify the court and copies will be mailed to him.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to appoint counsel (Docket # 12) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend his complaint (Docket #13) is **granted**. The June 6, 2005 amended complaint is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket # 18) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a jury trial (Docket # 10) is **denied.**

**IT IS FURTHER ORDERED** that Matthew Frank, Steve Beck, Sue DeHaan,

5

Kristine Timms, Sally Wess, Leo Campbell, C.O. Maxwell, John Ray, Cindy O'Donnell, Sandra Haumataki, Richard Raemisch, James Muenchow, Gary McCaughtry, Cathy Jess, Captain Maraski, Stanley R. Tonn, Gloria Tomasek-Harper, and Poortenga shall be added as defendants.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint, summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the plaintiff shall be provided with a copy of the docket sheet in case number 05-C-234.

Dated at Milwaukee, Wisconsin, this 27th day of October, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**