UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**ROBERT SKENANDORE,**

    **Plaintiff,**

    -vs-            Case No.  05-C-0234

**JEFFREY P. ENDICOTT, MATTHEW FRANK,
STEVE BECK, SUE DEHAAN,
KRISTINE TIME, SALLY WEISS,
LEO CAMPBELL, C.O. MAXWELL,
JOHN RAY, CINDY O'DONNELL,
SANDRA HAUMATAKI, RICHARD RAEMISCH,
JAMES MUENCHOW, GARY MCCAUGHTRY,
CATHY JESS, CAPTAIN MARASKI,
STANLEY R. TONN, GLORIA TOMASEK-HARPER, and
DONNA POORTENGA,**

    **Defendants.**
_____

**DECISION AND ORDER**
_____

    The plaintiff, Robert Skenandore, who is currently incarcerated at Stanley Correctional Institution, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on May 20, 2005. The plaintiff, who is Native American, alleges that the defendants violated his rights under the free exercise clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The plaintiff has filed the following: 1) a motion for an evidentiary

hearing; 2) a motion to compel; and 3) a motion for additional discovery and an extension of time.

**1. Plaintiff's Motion for an Evidentiary Hearing**

On December 22, 2005, the plaintiff filed a motion for "an evidentiary hearing pursuant to F.R.Civ.P. 6.03." (Pl.'s Mot. of Dec. 22, 2005 at 2). In support of his proposition, the plaintiff asserts "the real controversy has not ben (sic) tried," and that transfer to another correctional facility will render this case moot. *Id*.

At the outset, the court notes that the Federal Rules do not provide for a Rule 6.03.[1] Next, the plaintiff's transfer will not render this case moot, and there is nothing to indicate that the "real controversy" (plaintiff's First Amendment and RLUIPA claims) will not be addressed.[2] Finally, a review of the docket in this case reveals that after filing his December 22, 2005 motion, the plaintiff was transferred from Red Granite Correctional Institution (RGCI) to Stanley Correctional Institution (SCI). For this reason, the plaintiff's motion for an evidentiary hearing is denied as moot.

**2. Plaintiff's Motion to Compel**

On December 28, 2005, the plaintiff filed a motion to compel discovery. Although Fed. R. Civ P. 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate. The party

---

[1] Fed.R.Civ.P. 6 concerns the computation and enlargement of time. However, the plaintiff does not indicate how this rule relates to his request for an evidentiary hearing.

[2] Notably, the plaintiff's transfer may have mooted his request for *injunctive relief*. However, this does not affect the plaintiff's remaining claims.

2

seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a). Such motion must be accompanied by a written statement that the parties were unable to resolve their differences after personal consultation and a statement of the "date and time of such conference and the names of all parties participating in it." *Id*.

In this case, the plaintiff has sent at least two discovery requests to the defendants. (Pl.'s Mot. of Dec. 28, 2005 Exhs. 1- 4; Docs. # 18 & 26). However, the defendants have responded to both requests. (D.s' Resp. to Pl.'s Mot. of Dec. 28, 2005 Exs. 1000 & 1002). Moreover, the plaintiff has not given any indication why he considers the defendants' responses to be deficient. Consequently, the plaintiff has not demonstrated that he is unable to obtain the discovery he desires. *See* Civ. L.R. 37.1. Based on the foregoing, the plaintiff's motion to compel is denied.

**3. Plaintiff's Motion for Additional Discovery and Extension of Time**

On March 13, 2006, the plaintiff filed a motion for "an order placing defendant's (sic) motion for summary judgment in abeyance." (Pl.'s Mot. of Mar. 13, 2006 at 1). Specifically, the plaintiff requests:

3

2) more time be given for the purpose of deposing two (2) individuals, (Native American Indian Prisoner's [sic]) from the Defendant's (sic) seventeen (17) Institution's (sic) for the purpose of creating more for the court to go on;

3) to compel and order defendant's (sic) to acquire the list of all Native American Indian Prisoner's (sic) (male and female) in their seventeen (17) Institution's (sic) to be made and given to the plaintiff in connection to Item #2;

4) to compel and order defendant's (sic) to allow the plaintiff to depose the other Native American Indian Prisoner's (sic) in connection to Item's 2 and 3 over the Defendant's (sic) Tele-Media.

*Id.*

As noted, a party seeking discovery must first direct his request to the opposing party. Civ. L.R. 37.1. In this case, the plaintiff requests either (1) the names of two Native American prisoners incarcerated in Wisconsin, or (2) the names of all Native American prisoners incarcerated in Wisconsin. However, the plaintiff has not established that he has previously served this request upon the defendants. Indeed, the plaintiff's discovery requests of June 27 and November 7, 2005 did not ask the defendants to provide this information. (Ds.' Resp. to Pl.'s Mot. of Mar. 13, 2006 Exs. 1000 & 1002). Furthermore, pursuant to this court's order of May 20, 2005, the plaintiff has only been permitted to represent himself in this case. Specifically, his request to represent a class of similarly situated Native Americans was denied. Based on the foregoing, the plaintiff's motion to compel discovery is denied.

Finally, the plaintiff requests additional time to respond to the defendants' motion for summary judgment. Court records show that the plaintiff has not filed any

4

meaningful response to the defendant's motion.[3] Hence, the court will allow the plaintiff to file a response to the defendants' motion on or before **May 1, 2006.** The plaintiff is hereby advised that, if he fails to file any response to defendants' motion by **May 1, 2006**, this action will be dismissed for lack of prosecution, with prejudice, pursuant to Civil L.R. 41.3 (E.D. Wis.) and Fed. R. Civ. P. 41(b), copies of which are enclosed.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for order (Doc. #70) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Doc. #71) is **denied**.

**IT IS ALSO ORDERED** that the plaintiff's motion for order (Doc. #89) is **granted in part** and **denied in part** as described herein. Specifically, the plaintiff's requests to compel and conduct discovery are denied. The plaintiff will be permitted until **May 1, 2006** to file a response to the defendants' motion for summary judgment.

Dated at Milwaukee, Wisconsin, this 20th day of April, 2006.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

---

[3] On March 13, 2006, the plaintiff filed documents that purported to respond to the defendants' motion but did nothing of the sort. *See* Docs. #88 & 89.